**FOR COURT USE ONLY**

**FILED & ENTERED**

**JAN 08 2010**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY wesley    DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>John Melvin Striggs,<br><br><br>Helen Frazer | CHAPTER: 7 |
| | CASE NO.: 6:09-bk-29549-BB |
| Debtor(s). | DATE: January 6, 2010<br>TIME: 10:00 AM |
| Trustee. | CTRM: 303<br>FLOOR: |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT:   US Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-7 )

1.  The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2.  The Motion affects the following real property (the "Property"):
    *Street Address:*    359 W Kennedy Ave.
    *Apartment/Suite No.:*
    *City, State, Zip Code:*    Coolidge, Arizona 85228

    Legal description or document recording number (including county of recording):




        ☒ See attached page.

3.  The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
    ☐ 11 U.S.C. § 362(d)(4)

4.  As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
    a.    ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
    b.    ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c.    ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.    ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

**F 4001-1O.RP**

| In Re          (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| John Melvin Striggs | |
| Debtor(s) | CASE NO: 6:09-bk-29549-BB |

6.　☐　Movant shall not conduct a foreclosure sale before the following date (*specify*):

7.　☐　The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.　☐　In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.　The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
　☐　transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
　☐　multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10.　This Court further orders as follows:
　a.　☒　This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
　b.　☐　The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
　c.　☐　The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1O.ER*).
　d.　☐　See attached continuation page for additional provisions.

Dated:　01/08/2010

_____
UNITED STATES BANKRUPTCY JUDGE

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*　　　　　　　　　　　　　　　　　　　　　　　　**F 4001-1O.RP**

ADJUSTABLE RATE NOTE                                    Loan No.:
(LIBOR 6-Month Index-Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

May 17, 2005                    IRVINE                    CALIFORNIA
    [Date]                      [City]                     [State]

359 W KENNEDY AVE, COOLIDGE, AZ  85228
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $  76,500.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is  BNC MORTGAGE, INC., A DELAWARE CORPORATION    . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  8.000  %.  The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.  I will make my monthly payments on the first day of each month beginning on    July 1, 2005    .

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    June 1, 2035    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  OOMC, Attn:Payment Processing, P.O. Box 44042, Jacksonville, FL. 32231-4042    or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $  561.33    . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay.  The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on the first day of    June, 2007    , and on that day every    6th    month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for 6-month U.S. dollar-denominated deposits in the London market based on quotations of major banks, as published in the "Money Rates" section of The Wall Street Journal. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding  Five And 650/1000    percentage points (    5.650  %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125 %). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than  11.000  % or less than  8.000    %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1%) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than    15.000  % or less than  8.000  %.

ADJUSTABLE RATE NOTE-LIBOR 6-MONTH INDEX - Single Family                              Rev. 10/95

AA46NTI

Page 1 of 3

Borrower Initials :

EXHIBIT